THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **ERIC CERRONI, an individual,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SMITH'S FOOD & DRUG CENTERS, INC.,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:23-cv-00005-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Defendant Smith's Food & Drug Centers, Inc.'s ("SFDC") motion to dismiss.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants SFDC's motion and dismisses this action with prejudice.

## BACKGROUND

Plaintiff Eric Cerroni ("Mr. Cerroni") alleges that SFDC terminated his employment in violation of the Americans with Disabilities Act ("ADA").[3] Mr. Cerroni filed a charge of

---

[1] ECF No. 9.

[2] ECF No. 11.

[3] *See generally* ECF No. 1.

discrimination against SFDC with the Equal Employment Opportunity Commission ("EEOC").[4] The EEOC issued Mr. Cerroni a Notice of Right to Sue ("NRTS") on September 25, 2022.[5] On September 26, 2022, the NRTS was available for download on the EEOC Public Portal.[6] The same day, the EEOC transmitted an automated email to Mr. Cerroni's counsel with the subject line, "Important Document Available for EEOC Charge," notifying counsel that the EEOC had made a decision regarding Mr. Cerroni's charge of discrimination and that counsel could review this decision by logging on to the EEOC Public Portal.[7] On October 10, 2022, Mr. Cerroni's counsel logged onto the EEOC Public Portal, accessed the NRTS, and sent the NRTS to Mr. Cerroni.[8] The NRTS advised Mr. Cerroni and Mr. Cerroni's counsel that a lawsuit under the ADA "must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost."[9] Mr. Cerroni filed this action on January 4, 2023,[10] 100 days after his counsel received notification that the NRTS was available for download.

---

[4] ECF No. 1 at 2 of 8; ECF No. 11 at 8 of 8. "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim," the court may consider the document on a Rule 12(b)(6) motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 2023).

[5] ECF No. 11 at 7 of 8.

[6] ECF No. 17-1 at 2 of 3.

[7] ECF No. 17-2 at 5 of 6.

[8] ECF No. 16-1 at 2-3, 9 of 9.

[9] ECF No. 11 at 7 of 8 (emphasis omitted).

[10] ECF No. 1.

ANALYSIS

Mr. Cerroni's complaint against SFDC was filed outside the ninety-day time limit under 42 U.S.C. § 2000e-5(f)(1). An ADA plaintiff is statutorily obligated to file a civil action "within 90 days after" the EEOC issues an NRTS.[11] The ninety-day period is triggered by the plaintiff's receipt of the NRTS.[12] Thus, the time for Mr. Cerroni to file suit against SFDC began running on September 26, 2022, when the notice of availability of the NRTS on the EEOC Public Portal was electronically sent to Mr. Cerroni's counsel. Accordingly, Mr. Cerroni's deadline to file his complaint expired ninety days later, on December 25, 2022. However, Mr. Cerroni did not file his complaint until January 4, 2023,[13] 100 days after receipt of the NRTS. Therefore, Mr. Cerroni's complaint is untimely and must be dismissed.[14]

Mr. Cerroni counterfactually argues that the court should view October 10, 2022, as the date Mr. Cerroni received the NRTS because this is the date Mr. Cerroni's counsel logged on to the EEOC Public Portal, downloaded the NRTS, and sent the NRTS to Mr. Cerroni.[15] However, "it is irrelevant when [Mr. Cerroni]'s counsel actually followed the link to access the EEOC portal. The ninety-day period began to run when the email notification reached [Mr. Cerroni]'s

---

[11] 42 U.S.C. § 2000e-5(f)(1); *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985).

[12] *Noe*, 754 F.2d at 892.

[13] ECF No. 1.

[14] December 25, 2022, was Christmas Day and a Sunday. The court was closed on Monday, December 26, 2022, for the Christmas holiday. However, even allowing Tuesday, December 27, 2022, as the ninety-day filing deadline, Mr. Cerroni's complaint, filed on January 4, 2023, is still eight days outside the ninety-day NRTS deadline.

[15] ECF No. 16 at 3 of 4; ECF No. 16-1 at 2-3 of 9.

attorney's inbox."[16] Mr. Cerroni's counsel's failure to open the email and read the NRTS on September 26, 2022, when she received it "does not toll the commencement of the [ninety-day] period, just as it would not if [Mr. Cerroni's counsel] simply failed to open mail in the traditional manner."[17] The deadline for Mr. Cerroni to file his complaint was December 25, 2022. Because Mr. Cerroni filed his complaint on January 4, 2023—100 days after receipt of the NRTS—it is untimely and must be dismissed.

## CONCLUSION AND ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS that SFDC's motion to dismiss[18] is GRANTED, and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 15th day of May 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[16] *Paniconi v. Abington Hospital-Jefferson Health*, 604 F. Supp. 3d 290, 293 (E.D. Pa. 2022).

[17] *Id.* (quotations and citation omitted); *see also Harrison v. Mayorkas*, No. 21-161, 2022 WL 2237135, at *2-3 (E.D. La. June 21, 2022) (concluding that ninety-day limitation period began to run from receipt of EEOC email); *McNaney v. Sampson & Morris Grp., Inc.*, No. 2:21-cv-1809, 2022 WL 1017388, at *4 (W.D. Pa. Apr. 5, 2022) (rejecting argument that EEOC email and portal access should not be considered "notice" triggering ninety-day limitation period); *Boyd v. Monroe City Hall*, No. 3:20-cv-01473, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021) (concluding that EEOC email of NRTS triggered ninety-day period, even when email was deposited in the plaintiff's spam folder).

[18] ECF No. 11.